UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Nevena Tsvetenova Vrachovska,

Plaintiff,

v.

Ronnie Moas, and
Philanthropy and Philosophy, Inc.,

Defendants.
_____/

Case No:

**COMPLAINT FOR VIOLATION OF
17 U.S.C. §§ 501 AND 1202(b)**

## INTRODUCTION

1. Plaintiff brings this action against Defendants for violation of 17 U.S.C. §§ 501 and 1202(b).

## PARTIES, JURISDICTION, AND VENUE

2. Plaintiff Nevena Tsvetenova Vrachovska is a freelance photographer and an individual residing in Athens, Greece.

3. On information and belief, Defendant Ronnie Moas is an individual residing in Miami Beach, Florida and is the sole officer and director of Defendant Philanthropy and Philosophy, Inc. ("P&P"), as well as the operator of the website <philanthrophyandphilosophy.com> (the "Website").

4. On information and belief, Defendant Moas is also the sole officer and director of the Florida for-profit corporation Standpoint Research Inc.

5. On information and belief, Defendant P&P is a non-profit Florida corporation with its principal place of business in Miami Beach, Florida.

6. Because this is an action for copyright infringement under the United States Copyright Act, this Court has subject matter jurisdiction over this dispute.

7. Because Defendants are residents of the State of Florida, this Court has personal jurisdiction over all Defendants.

8. Because Defendants reside in Miami-Dade County, the Southern District of Florida is the proper venue for the resolution of this dispute.

## GENERAL ALLEGATIONS

9. This is a civil action seeking damages and injunctive relief for willful copyright infringement and violation of the anti-circumvention provisions of the U.S. Copyright Act.

10. Plaintiff is a freelance photographer who is the creator and author of a photograph of a statue of the philosopher Plato (the "Work").

11. Plaintiff owns the registration of the Work with the U.S. Copyright Office, Registration Number VA0001939443.

12. Plaintiff authored and created the Work outside of the United States. Accordingly, the Work is not a "United States Work" under the Copyright Act.

13. Plaintiff authorizes the United Kingdom company Alamy Limited ("Alamy") to sell licenses to use the Work to individuals through its website, <alamy.com>. Individuals may purchase a five-year license to use the Work for as little as $15. (*See* screenshot of Work displayed on <alamy.com>, attached as Exhibit 1).

14. Alamy has exclusive authorization to sell licenses to use the Work, and authorized versions of the Work are not available elsewhere.

15. The version of the Work on <alamy.com> has a conspicuous watermark that reads "alamy" and a reference code at the bottom of the image that reads "Alamy B917HH." (*See* Exhibit 1).

16. Defendants copied the Work from <alamy.com> and placed it on the <philanthropyandphilosophy.com> Website. (*See* screenshots of Website displaying Work, attached as Exhibit 2, at 3).

17.	Defendants did not purchase a license to use the Work from Alamy or Plaintiff, and neither sought nor received permission to use or reproduce the Work.

18.	The version of the Work appearing on the Website has been altered to remove the "alamy" watermark and the reference code. The computer file description for both versions of the Work are nearly identical, however, with both reading "Marble statue of the ancient greek (sic) philosopher Plato . . . Image shot 03/2009. Exact date unknown."

19.	Defendants provide no attribution for the Work whatsoever to Plaintiff.

20.	Plaintiff does not receive any form of compensation for Defendants' unauthorized use of the Work.

21.	Plaintiff first learned of Defendants' unauthorized use of the Work on October 19, 2014.

22.	Plaintiff contacted Defendant Moas via email after learning of this unauthorized use and politely requested any evidence of Defendants acquiring a license to use the Work or, if no such license was obtained, that Defendants remove the image and pay Plaintiff $45 for their unauthorized use. (*See* email from Plaintiff to Moas dated October 19, 2014, attached as Exhibit 3).

23.	That same day, Defendant Moas responded to Plaintiff's email in an aggressive manner using foul language. The following is an excerpt from the email, attached as Exhibit 4:

//

//

//

> You are obviously a piece of trash to send me a note like that as a first contact.
>
> Take me to court you scumbag. I will re-post the report and replace the "copyrighted" image <u>when I have free time</u> and it will not be within five days.
>
> I did not make one cent off of your image and only a handful of people have seen it as it is a new web site.
>
> Instead of preying on people like me you should try to run a legitimate business.
>
> I am sure you never found inspiration from others in your work … everything you did came from your own imagination didn't it? You never plagiarized anything, eh?
>
> **How much money did you pay Plato's family for the use of his image you cocksucker bastard?**

24. Defendant Moas refused to comply with the terms offered by Plaintiff.

25. Despite Plaintiff providing notice to Defendant Moas, to this day the Work is still available on the Website without authorization from Plaintiff.

26. Though Defendant P&P is a non-profit corporation, its sole officer and director Moas is also the Founder and Director of Research at the for-profit corporation Standpoint Research, an equity research firm which provides consulting services to individuals and entities regarding the stock market.

27. The <philanthropyandphilosophy.com> Website advertises the services provided by Standpoint Research and Defendants solicit business for Standpoint Research using the Website. (*See* screenshot of "Standpoint Research" page on the Website, attached as Exhibit 5).

28. Accordingly, on information and belief, the "non-profit" entity is a mere sham, designed to act as an advertising platform for Standpoint Research.

## COUNT I: DIRECT COPYRIGHT INFRINGEMENT
## UNDER 17 U.S.C. § 501
### Against All Defendants

29. Plaintiff repeats and incorporates herein by reference the allegations in the preceding paragraphs of this Complaint.

30. At all pertinent times, Plaintiff was the creator and sole owner of the Work, and the owner of the registration for the Work with the U.S. Copyright Office, Registration Number VA0001939443.

31. At all pertinent times, Defendant Moas was the sole director and officer of Defendant P&P and acted as an agent of Defendant P&P.

32. Defendants infringed Plaintiff's copyright by reproducing, displaying, and distributing the Work on the <philanthrophyandphilosophy.com> Website without proper approval or authorization of Plaintiff.

33. Defendants knew or should have known that they did not have permission to exploit Plaintiff's work on the Website, and further knew or should have known that their acts constituted copyright infringement.

34. Plaintiff does not receive any form of compensation from Defendants' unauthorized use of the Work.

35. Plaintiff contacted Defendant Moas on October 19, 2014 to notify him that he was infringing her copyright in the Work, and to ask for removal of the Work from the Website and compensation for such unauthorized use.

36. Defendant Moas refused to remove the Work from the Website.

37. Despite the explicit notice provided by Plaintiff, Defendants are still using the Work on the Website without permission or authorization.

38. Defendants' unauthorized use of the Work increases the volume of visitors to the Website, who are then directed to Defendant Moas' for-profit company Standpoint Research, thereby financially benefiting Defendants.

39. Defendants' conduct was willful within the meaning of 17 U.S.C. § 101 *et seq*.

40. Because of their wrongful conduct, Defendants are liable to Plaintiff for copyright infringement.

41. Plaintiff suffers and will continue to suffer substantial losses, including, but not limited to, damage to her professional reputation and goodwill.

42. 17 U.S.C. § 504 permits Plaintiff to recover either readily ascertainable direct losses and all profits Defendants made by their wrongful conduct or, in the alternative, statutory damages.

43. Because of Defendants' willful infringement, 17 U.S.C. § 504(c)(2) permits enhancement of allowable statutory damages.

44. 17 U.S.C. §§ 502 and 503 permit the grant of injunctive relief and a Court Order impounding any and all infringing materials.

45. Plaintiff has no adequate remedy at law for Defendants' conduct, as follows:

    a. Defendants' infringement harms Plaintiff's business reputation and goodwill such that Plaintiff could not be made whole by any monetary reward; and

    b. Defendants' wrongful conduct and damages to Plaintiff are continuing and unremitting.

46. Under 17 U.S.C. § 502, Plaintiff is entitled to preliminary and permanent injunctive relief prohibiting further infringement of Plaintiff's copyright.

47. Under 17 U.S.C. § 504(c)(2), Plaintiff is entitled to maximum statutory damages of $150,000 for Defendants' willful infringement.

### COUNT II: VIOLATION OF THE DIGITAL MILLENNIUM COPYRIGHT ACT ("DMCA") 17 U.S.C. § 1202(b)
**Against All Defendants**

48. Plaintiff re-alleges and incorporates by reference the allegations in the previous paragraphs of this Complaint.

49. Defendants intentionally removed copyright management information from a copy of the Work available exclusively through Alamy. Specifically, they removed the "alamy" watermark affixed to the Work, and the reference code "Alamy B917HH."

50. The "alamy" watermark and the reference code together refer viewers of the Work to the author and copyright owner of the Work.

51. This removal of copyright management information was done without the knowledge, consent, or authority of either Plaintiff or Alamy.

52. Defendants had no legal defense or justification for the removal of this copyright management information.

53. Because of their willful conduct, Defendants are liable to Plaintiff for violation of 17 U.S.C. § 1202(b).

54. Defendants' violation increases the volume of visitors to the Website, who are then directed to Defendant Moas' for-profit company Standpoint Research, thereby financially benefiting Defendants.

55. Due to this willful violation, Plaintiff suffers and will continue to suffer substantial losses, including, but not limited to, damage to her professional reputation and goodwill.

56. 17 U.S.C. § 1203 permits an award of actual damages for Defendants' violation of Section 1202 or, in the alternative, an award of statutory damages up to $25,000.00.

57. 17 U.S.C. § 1203(b)(5) permits this Court to award Plaintiff her reasonable attorneys' fees in bringing this action.

58. 17 U.S.C. § 1203(b) permits a court to provide temporary and permanent injunctive relief for Defendants' violation.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

1. A judgment declaring that Defendants willfully infringed Plaintiff's rights in her work of original authorship through direct acts;

2. A judgment providing injunctive relief against Defendants, their agents, representatives, employees, attorneys, successors, and assigns, and all others acting with or on behalf of Defendants, and further enjoining and restraining Defendants from copying, posting, or making any other infringing use or infringing distribution of Plaintiff's Work, pursuant to 17 U.S.C. § 502;

3. A judgment providing injunctive relief against Defendants, their agents, representatives, employees, attorneys, successors, and assigns, and all others acting with or on behalf of Defendants, and further enjoining and restraining Defendants from destroying any copyright management information or providing any false copyright management information in regards to the Work, in violation of 17 U.S.C. § 1202;

4. An order of impoundment pursuant to 17 U.S.C. §§ 503 and 509(a) impounding all infringing digital copies of Plaintiff's Work, which are in Defendants' possession or under its control in any form;

5. An order requiring a full and complete accounting of all amounts due and owed to Plaintiff as a result of Defendants' willful copyright infringement and destruction of the Work's copyright management information.

6. An order for maximum statutory damages for Defendants' willful infringement of Plaintiff's copyright in the Work, namely $150,000.

7. An order for maximum statutory damages for Defendants' intentional destruction of the Work's copyright management information, namely $25,000.

8. An order directing Defendants to pay Plaintiff both the costs of this action and reasonable attorneys' fees incurred by it in prosecuting this action under 17 U.S.C. §§ 505 and 1203.

9. An order directing Defendants to pay pre- and post-judgment interest at the highest legal rate; and

10. Whatever further relief, in law or equity, that the Court deems appropriate.

**JURY TRIAL DEMANDED**

Plaintiffs hereby request a jury trial for all issues triable by jury including but not limited to, those issues and claims set forth in any amended complaint or consolidated action.

DATED: this 21st day of April, 2015.

                                                Respectfully Submitted,

                                                *s/ Marc Randazza*
                                                MARC J. RANDAZZA
                                                Florida Bar No.: 625566
                                                RANDAZZA LEGAL GROUP
                                                3625 S. Town Center Drive
                                                Las Vegas, Nevada 89135
                                                Tele: 702-420-2001
                                                Fax: 305-437-7662
                                                Email: ecf@randazza.com

RANDAZZA | LEGAL GROUP